John E. Peer, CA State Bar No. 95978
Lisa Darling Alderton, CA State Bar No.: 187140
**WOOLLS & PEER**
A Professional Corporation
One Wilshire Boulevard, 22nd Floor
Los Angeles, California 90017
Telephone:  (213) 629-1600
Facsimile:   (213) 629-1660

Attorneys for Plaintiff, and Counter-Defendant
Valley Forge Insurance Company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Valley Forge Insurance Company, a Pennsylvania corporation,<br><br>Plaintiff,<br><br>v.<br><br>Metropolitan Culinary Services, Inc., a California corporation; MCS Burbank, LLC, a Nevada limited liability company; and Does 1 through 10, inclusive,<br><br>Defendants.<br><br>Metropolitan Culinary Services, Inc., Et. al.<br><br>Counterclaimants,<br><br>v.<br><br>Valley Forge Insurance Company,<br><br>Counter defendants | Case No.: CV 07-05983 DDP (SSx)<br><br>**COUNTER DEFENDANT VALLEY FORGE INSURANCE COMPANY'S ANSWER TO COUNTERCLAIMS** |

VALLEY FORGE INSURANCE COMPANY ("Valley Forge") answers the Counter-complaint filed by Metropolitan Culinary Services, and MCS Burbank, LLC (collectively "MCS") as follows:

/ / /

1

1. Valley Forge admits that this is a counter-claim for declaratory relief. Valley Forge denies that any insurance benefits are due to MCS, denies that Valley Forge made any representations to MCS entitling it to receive policy benefits, denies that MCS is entitled to any relief, and otherwise denies the allegations in paragraph 1.

2. Paragraph 2 does not contain any charging allegations, rather legal conclusions, requiring no response.

3. Paragraph 3 does not contain any charging allegations, rather legal conclusions, requiring no response.

4. Paragraph 4 does not contain any charging allegations, rather legal conclusions, requiring no response.

5. Valley Forge admits that venue is proper in this district, but otherwise denies the allegations in paragraph 5.

6. Valley Forge admits the allegations in paragraph 6.

7. Upon information and belief, Valley Forge admits the allegations in paragraph 7.

8. Upon information and belief, Valley Forge admits the allegations in paragraph 8.

9. Valley Forge admits that it issued a Primary Commercial General Liability Policy and an Umbrella Policy to Metropolitan Culinary Services, but otherwise denies the allegations in paragraph 9.

10. Valley Forge admits that MCS is an Additional Insured under the Primary Commercial General Liability Policy. The Primary Policy speaks for itself, and Valley Forge denies that Exhibit A of the counter-claim is a true and correct copy of the Primary Policy.

11. Valley Forge admits that MCS is an Additional Insured under the Umbrella Policy. The Umbrella Policy speaks for itself, and Valley Forge denies that Exhibit B of the counter-claim is a true and correct copy of the Umbrella Policy.

/ / /

12. Upon information and belief, Valley Forge denies the allegations in paragraph 12, denied that it made any purported representations to MCS entitling it to policy benefits and denies that Exhibit C is an authentic, true and accurate copy of an email correspondence between Valley Forge and MCS's insurance broker.

13. The Primary and Umbrella Policies speak for themselves, and Valley Forge otherwise denies the allegations of paragraph 13.

14. The Primary and Umbrella Policies speak for themselves, and Valley Forge otherwise denies the allegations of paragraph 14.

15. All exclusionary endorsements to the Primary and Umbrella Policies speak for themselves, and Valley Forge otherwise denies the allegations of paragraph 15.

16. Upon information and belief, Valley Forge admits that policy premiums were paid, but otherwise denies the allegations of paragraph 16.

17. Valley Forge denies the allegations of paragraph 17.

18. Valley Forge admits that Mark S. Negri filed a lawsuit against MCS in the United States District court, Central District of California, Case No. CV07-00212 ("Negri Complaint"). The Negri Complaint speaks for itself, and Valley Forge denies the remaining allegations of paragraph 18.

19. The allegations of paragraph 19 are speculative and Valley Forge denies the remaining allegations of paragraph 19.

20. Valley Forge admits to the allegations of paragraph 20 upon information and belief.

21. Valley Forge admits that it denied MCS's tender of the defense of the Negri Complaint, but Valley Forge denies that Exhibit D is a true and accurate copy of Valley Forge's denial letter to MCS, and otherwise denies the remaining allegations of paragraph 21.

///

///

3

1    22.    Valley Forge admits that MCS responded to its denial of the tender of defense for the Negri Complaint but otherwise denies the remaining allegations of paragraph 22.

23.    Valley Forge admits that it denied MCS's tender of the defense of the Negri Complaint, admits that Exhibit F is a true and accurate copy of Valley Forge's denial letter to MCS, but otherwise denies the remaining allegations of paragraph 23.

24.    Valley Forge admits that it denied MCS's tender of the defense of the Negri Complaint but otherwise denies the remaining allegations of paragraph 24.

25.    Paragraph 25 does not need a response as it merely incorporates MCS's prior allegations in paragraphs 1-24 of the counter-complaint; however, Valley Forge hereby incorporates its responses in paragraphs 1-24 above.

26.    Valley Forge admits that a controversy exists between the parties and admits that MCS alleges that insurer owes a duty to defend and indemnify with respect to the Negri Complaint, but otherwise denies the remaining allegations of paragraph 26.

27.    Paragraph 27 does not need a response as it merely incorporates MCS's prior allegations in paragraphs 1-26 of the counter-complaint; however, Valley Forge hereby incorporates its responses in paragraphs 1-26 above.

28.    Valley Forge admits that a controversy exists between the parties regarding the duty to defend and indemnify with respect to the Negri Complaint, but otherwise denies the remaining allegations of paragraph 28.

29.    Paragraph 29 does not need a response as it merely incorporates MCS's prior allegations in paragraphs 1-28 of the counter-complaint; however, Valley Forge hereby incorporates its responses in paragraphs 1-28 above.

30.    Valley Forge admits that an insurance policy is an enforceable contract, but otherwise denies the remaining allegations of paragraph 30.

31.    Upon information and belief, Valley Forge admits that premiums were paid, but otherwise denies the remaining allegations of paragraph 31.

1  32. Valley Forge denies the allegations of paragraph 32.

2  33. Valley Forge denies the allegations of paragraph 33.

3  34. Valley Forge denies the allegations of paragraph 34.

4  35. Valley Forge denies the allegations of paragraph 35.

5  36. Paragraph 36 does not need a response as it merely incorporates MCS's prior allegations in paragraphs 1-35 of the counter-complaint; however, Valley Forge hereby incorporates its responses in paragraphs 1-35 above.

8  37. Valley Forge admits that there is an implied covenant of good faith and fair dealing in every insurance contract executed under California law, but otherwise denies the remaining allegations of paragraph 37.

11 38. Valley Forge denies the allegations of paragraph 38.

12 39. Valley Forge denies the allegations of paragraph 39.

13 40. Valley Forge denies the allegations of paragraph 40.

14 41. Valley Forge denies that MCS is entitled to any judgment or relief or damages, actual or punitive, and otherwise denies the remaining allegations of paragraph 41.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
**(Unclean Hands)**

The counter-complaint, and each and every cause of action stated therein, is barred by the equitable doctrine of unclean hands;

### SECOND AFFIRMATIVE DEFENSE
**(Failure to State a Cause of Action)**

The counter-complaint and each purported claim for relief stated therein, fails to state facts sufficient to constitute a cause of action;

5

VALLEY FORGE INSURANCE COMPANY'S
ANSWER TO COUNTER CLAIMS

138932.1

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Counter-claimants are estopped from asserting the purported claims for relief alleged in the counter-complaint by reason of the acts, omissions, representations and conduct of counter-claimants and their agents, upon which counter-defendant relied, to its detriment;

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Counter-claimants have waived any and all claims against counter-defendant;

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Counter-claimants and their agents failed to use reasonable care to mitigate, minimize, or avoid the damages alleged, and this answering counter-defendant is therefore entitled to have any sum which otherwise might be awarded reduced by such sums as could have been mitigated, minimized, or avoided;

## SIXTH AFFIRMATIVE DEFENSE

### (Intentional Acts)

If counter-complainant suffered or sustained any losses, damages, or injuries as alleged in the counter-complaint, such losses, damages, or injuries were caused in whole or in part by the intentional and willful conduct of the counter-complainant and its failure to conduct itself in a manner ordinarily expected of a reasonably prudent business in the conduct of its affairs;

/ / /

/ / /

/ / /

**VALLEY FORGE INSURANCE COMPANY'S ANSWER TO COUNTER CLAIMS**

138932.1

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Statutory Regulations)

At all material times, counter-complainant was aware of the statutory rules and regulations in the conduct and transaction of its business, including the Fair Credit and Reporting Act, a provision of the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. §1681c(g), and failed to comply with and disregarded the applicable rules and regulations;

## EIGHTH AFFIRMATIVE DEFENSE

### (Punitive Damages)

Imposition of punitive or exemplary damages would violate counter-defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States and by Article 1, sections 7 and 15 of the Constitution of the State of California, counter-defendant's rights to equal protection of the laws as guaranteed by the Fourteenth Amendment of the Constitution of the United States and by Article 1, sections 7 and 15 of the Constitution of the State of California, and counter-defendant's rights to be free from excessive fines as guaranteed by the Eighth Amendment of the Constitution of the United States and by Article 1, section 17 of the Constitution of the State of California;

## NINTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

Counter-defendant reserves the right to amend this answer to assert additional affirmative defenses and to supplement, alter or change this answer and these defenses upon revelation of more definitive facts by counter-claimants and/or upon discovery and investigation in this matter.

/ / /

/ / /

WHEREFORE Valley Forge prays:

1. That MCS take nothing by way of this counter-complaint;
2. For costs of suit, including expert fees; and;
3. For such further relief as the Court deems proper.

DATED: February 12, 2008

Respectfully submitted,

WOOLLS & PEER
A Professional Corporation

_____/s/_____
JOHN PEER
LISA DARLING ALDERTON
Attorneys for Plaintiff
Valley Forge Insurance Company

**PROOF OF SERVICE**
**Valley Forge Insurance Company v. Metropolitan Culinary Services, Inc., et al.**
**Case No. CV 07-0212 DDP (SSx)**

I, Sherie Wagoner, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Woolls & Peer, A Professional Corporation, One Wilshire Boulevard, 22nd Floor, Los Angeles, California 90017. On February 12, 2008, I served the document(s) described as **COUNTER DEFENDANT VALLEY FORGE INSURANCE COMPANY'S ANSWER TO COUNTERCLAIMS;** and **CM/ECF ATTORNEY INFORMATION UPDATE FORM** on the interested parties in this action as follows:

☒ By placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed as follows:

Peter K. Rosen, Esq.                    *Attorneys for Defendants*
Alexandra A. Roje, Esq.                 Metropolitan Culinary Services, Inc. and
Trevor L. Rusin, Esq.                   MCS Burbank, LLC
Rebecca B. Torres, Esq.
Latham & Watkins LLP
633 W. Fifth Street, Suite 4000
Los Angeles, California 90071-2007

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at One Wilshire Boulevard, 22nd Floor, Los Angeles, California 90017 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at One Wilshire Boulevard, 22nd Floor, Los Angeles, California 90017.

☐ OVERNIGHT DELIVERY: I deposited such envelope in a facility regularly maintained by ☐ FEDERAL EXPRESS ☐ UPS ☐ Overnight Delivery [specify name of service:      ] with delivery fees fully provided for or delivered the envelope to a courier or driver of ☐ FEDERAL EXPRESS ☐ UPS ☐ OVERNIGHT DELIVERY [specify name of service:      ] authorized to receive documents at One Wilshire Boulevard, 22nd Floor, Los Angeles, California 90017 with delivery fees fully provided for.

☐ BY FACSIMILE: I sent via facsimile a copy of said document(s) to the following addressee(s) at the following number(s) in accordance with the written confirmation of counsel in this action.

☒ [Federal]    I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on February 12, 2008, at Los Angeles, California.

/s/
_____
Sherie Wagoner

136381.3